UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CONNIE PAGE-TRAPP,

                Plaintiff,

    v.

CAROLYN W. COLVIN,

                Defendant.

NO:  CV-13-0366-FVS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 17 and 19. This matter was submitted for consideration without oral argument. Plaintiff was represented by Cory J. Brandt. Defendant was represented by Leisa A. Wolf. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

1   Plaintiff Connie Page-Trapp protectively filed for supplemental security

2   income ("SSI") and disability insurance benefits on April 19, 2011, both alleging

3   an onset date of June 6, 2008. Tr. 193-201. Benefits were denied initially (Tr. 132-

4   140) and upon reconsideration (Tr. 143-148). Plaintiff requested a hearing before

5   an administrative law judge ("ALJ"), which was held before ALJ R.J. Payne on

6   April 12, 2013. Tr. 32-73. Plaintiff was represented by counsel and testified at the

7   hearing. *Id.*  Medical experts Dr. Anthony Francis and Dr. Joseph Cools also

8   testified. Tr. 35-52. The ALJ denied benefits (Tr. 9-31) and the Appeals Council

9   denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. §

10  405(g).

11                          **STATEMENT OF FACTS**

12  The facts of the case are set forth in the administrative hearing and

13  transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner,

14  and will therefore only be summarized here.

15  Plaintiff was 42 years old at the time of the hearing. Tr. 193. She left school

16  in the tenth grade, and attended special education from kindergarten through sixth

17  grade. Tr. 53-54. She was previously employed as an in-home caregiver. Tr. 65.

18  Plaintiff alleges disability based on degenerative disc disease in her back, muscle

19  spasms, chronic pain, and depression. Tr. 132. She testified that her level of pain is

20  6 out of 10; she can only walk half a block; and she can only stand for 10 minutes

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 2

1  before the pain increases. Tr. 54-55. Plaintiff testified that she gets 3-4 hours of

2  sleep a night, and her husband and son do most of the cooking and housecleaning.

3  Tr. 59-60. She testified that she watches television and plays games on the

4  computer a couple times a day for short periods of time. Tr. 60-61, 65. She attends

5  all of her son's school events and socializes with one neighbor. Tr. 63-64.

6  **STANDARD OF REVIEW**

7  A district court's review of a final decision of the Commissioner of Social

8  Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

9  limited: the Commissioner's decision will be disturbed "only if it is not supported

10  by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153,

11  1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means

12  relevant evidence that "a reasonable mind might accept as adequate to support a

13  conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently,

14  substantial evidence equates to "more than a mere scintilla[,] but less than a

15  preponderance." *Id.* (quotation and citation omitted). In determining whether this

16  standard has been satisfied, a reviewing court must consider the entire record as a

17  whole rather than searching for supporting evidence in isolation. *Id.*

18  In reviewing a denial of benefits, a district court may not substitute its

19  judgment for that of the Commissioner. If the evidence in the record "is susceptible

20  to more than one rational interpretation, [the court] must uphold the ALJ's findings

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

### FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

404.1520(b); 416.920(b).

     If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two. At this step, the Commissioner considers the severity of the

claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the

claimant suffers from "any impairment or combination of impairments which

significantly limits [his or her] physical or mental ability to do basic work

activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

416.920(c). If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled. *Id.*

     At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 5

1    If the severity of the claimant's impairment does meet or exceed the severity

2    of the enumerated impairments, the Commissioner must pause to assess the

3    claimant's "residual functional capacity." Residual functional capacity ("RFC"),

4    defined generally as the claimant's ability to perform physical and mental work

5    activities on a sustained basis despite his or her limitations (20 C.F.R. §§

6    404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

7    analysis.

8    At step four, the Commissioner considers whether, in view of the claimant's

9    RFC, the claimant is capable of performing work that he or she has performed in

10   the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

11   If the claimant is capable of performing past relevant work, the Commissioner

12   must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f).

13   If the claimant is incapable of performing such work, the analysis proceeds to step

14   five.

15   At step five, the Commissioner considers whether, in view of the claimant's

16   RFC, the claimant is capable of performing other work in the national economy. 20

17   C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the

18   Commissioner must also consider vocational factors such as the claimant's age,

19   education and work experience. *Id.* If the claimant is capable of adjusting to other

20   work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 6

1    404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other

2    work, the analysis concludes with a finding that the claimant is disabled and is

3    therefore entitled to benefits. *Id.*

4        The claimant bears the burden of proof at steps one through four above.

5    *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

6    the analysis proceeds to step five, the burden shifts to the Commissioner to

7    establish that (1) the claimant is capable of performing other work; and (2) such

8    work "exists in significant numbers in the national economy." 20 C.F.R. § §

9    404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

10                          ALJ'S FINDINGS

11        At step one, the ALJ found Plaintiff has not engaged in substantial gainful

12    activity since June 6, 2008, the alleged onset date. Tr. 14. At step two, the ALJ

13    found Plaintiff has the following severe impairments: degenerative disc disease,

14    lumbar spine and chronic low back pain. Tr. 14. At step three, the ALJ found that

15    Plaintiff does not have an impairment or combination of impairments that meets or

16    medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P,

17    App'x 1. Tr. 16-17. The  ALJ then found that Plaintiff had the RFC "to perform

18    light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing

19    ladders, ropes and scaffolds and frequently climbing ramps and stairs." Tr. 17. At

20    step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

25. At step five, the ALJ found that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 26. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 6, 2008, through the date of this decision. Tr. 27.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred in rejecting Plaintiff's subjective complaints; (2) the ALJ improperly rejected the opinions of Plaintiff's medical providers; (3) the ALJ improperly rejected Plaintiff's depression at step two; and (4) the ALJ failed to meet his step five burden. ECF No. 17 at 10-20. Defendant argues: (1) the ALJ properly discounted Plaintiff's credibility; (2) the ALJ properly analyzed the medical opinion evidence; (3) the ALJ properly resolved step two; and (4) the ALJ properly found Plaintiff not disabled at step five. ECF No. 19 at 6-20.

## DISCUSSION

### A. Credibility

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent any evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    In this case, the ALJ found Plaintiff's "statements concerning the intensity,

2    persistence and limiting effects of these symptoms are not entirely credible." Tr.

3    22. Plaintiff argues the ALJ erred by improperly rejecting Plaintiff's subjective

4    complaints. ECF No. 17 at 16-19. First, Plaintiff challenges the ALJ's reasoning

5    that "[t]here is some indication … that the claimant has not been entirely compliant

6    in following through with recommendations, which suggests that the symptoms

7    may not have been as limiting as the claimant has alleged in connection with this

8    application." Tr. 23. Unexplained, or inadequately explained, failure to seek

9    treatment or follow a prescribed course of treatment may be the basis for an

10   adverse credibility finding unless there is a showing of a good reason for the

11   failure.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  However, an ALJ "must

12   not draw any inferences about an individual's symptoms and their functional

13   effects from a failure to seek or pursue regular medical treatment without first

14   considering any explanations that the individual may provide, or other information

15   in the case record, that may explain infrequent or irregular medical visits or failure

16   to seek medical treatment." Social Security Ruling ("SSR") 96-7p at *7 (July 2,

17   1996), available at 1996 WL 374186. Specifically, disability benefits may not be

18   denied because of a claimant's inability to afford treatment. *See Gamble v. Chater*,

19   68 F.3d 319, 321 (9th Cir. 1995).

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

1    Here, the ALJ supports his reasoning only by citing Plaintiff's report that she

2    was waiting to start physical therapy pending neurosurgery review, despite advice

3    from medical providers that physical therapy was particularly important in her

4    case, and "very cognizant of problems that she does have." Tr. 23 (citing Tr. 280).

5    The ALJ properly notes that when Plaintiff "did follow through, it appears that her

6    recommended treatment had been generally successful in controlling her

7    symptoms." Tr. 23; *See Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595,

8    599-600 (9th Cir. 1999) (ALJ may rely on the effectiveness of treatment to support

9    an adverse credibility finding). Specifically, after 6 sessions beginning in April

10   2011, Plaintiff improved to 30 minutes of activity tolerance and less difficulty in

11   household chores such as vacuuming, mopping, sweeping, and laundry. Tr. 315.

12   The record also shows that by July 2011 Plaintiff tolerated 40 minutes of activity

13   and had "reached safe level of lumbar stabilization and is competent to follow

14   home exercise program." Tr. 317.  However, Plaintiff correctly argues that the ALJ

15   erred by failing to consider information in the record that Plaintiff was unable to

16   afford physical therapy treatment due to lack of insurance. ECF No. 17 at 17.

17   Specifically, Plaintiff reported in 2012 that she "cannot go to physical therapy due

18   to medical assistance only [sic] covers certain amount of visits a year and it has not

19   yet been a year since last used her visits." Tr. 257. Plaintiff also testified that she

20   has been without medical insurance since 2011. Tr. 56-59.  While the ALJ did

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 11

1    briefly reference this testimony in the decision, he did not properly consider

2    Plaintiff's consistent explanations for failing to pursue the recommended physical

3    therapy treatment. Thus, the ALJ's rejection of Plaintiff's credibility based on

4    unexplained failure to pursue treatment was error. However, this error is harmless

5    because, as discussed below, the ALJ's remaining reasoning and ultimate

6    credibility finding is adequately supported by substantial evidence. *See Carmickle*

7    *v. Comm'r Soc. Sec. Admin*., 533 F.3d 1155, 1162-63 (9th Cir. 2008).

8        First, the ALJ found that "while the claimant experiences low back pain …

9    [t]he objective evidence fails to document abnormalities that would warrant any

10    greater limitations than what was found in the [RFC]." Tr. 22. Subjective

11    testimony cannot be rejected solely because it is not corroborated by objective

12    medical findings, but medical evidence is a relevant factor in determining the

13    severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th

14    Cir. 2001). Plaintiff testified that she can only walk half a block and then she has to

15    sit down for a half an hour, and she can only stand for ten minutes at a time. Tr. 55.

16    She also testified that she wakes up with pain level at a 6, and after taking over the

17    counter medication, it sometimes goes down to a 4. Tr. 54-55. However, as cited

18    by the ALJ, an MRI from December 2010 reveals multilevel disc desiccation; mild

19    subchondral discogenic bone marrow changes L5 level; and the MRI was

20    otherwise unremarkable. Tr. 22 (citing Tr. 277-78).  On September 15, 2011, x-

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 12

rays of the cervical spine, chest, hip, and rib; and CT scans of the head, chest, abdomen, and pelvis; were all normal. Tr. 343-348. On September, 21, 2011 further x-rays indicated loss of normal lordosis with minimal arthritic change; and in October 2011 x-rays revealed generalized disc space narrowing throughout the lumbar spine, and mild loss of L5 vertebral body height, with no evidence of spondylolysis or spondylolisthesis. Tr. 327-328.

In addition, the ALJ cites the results of physical examinations to support the assessed RFC. Tr. 22-23. First, the ALJ correctly notes that the record does not contain any statement by a doctor that Plaintiff could not work at the sedentary and light levels. Tr. 22. In February 2011, neurosurgery review found no structural anatomic abnormalities that would benefit from surgery. Tr. 288. In March 2011, the claimant appeared in no acute distress, had normal gait and balance, and showed no difficulty walking. Tr. 279. Later that month Plaintiff denied radiating pain, her gait was normal, and she was only slightly tender over her lumbar spine. Tr. 289. After her motor vehicle accident on September 15, 2011, the record indicates Plaintiff was tender in her neck and back, but she had normal gait, full range of motion in all extremities, and 5/5 muscle strength in all major muscle groups. Tr. 336. On September 21, 2011, a week after the accident, examinations showed pain on straight leg raising, neck spasms, and pain. Tr. 326. However, on October 3, 2011 Plaintiff complained of low back pain but reported her neck issues

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

were starting to be relieved (Tr. 324), and on October 6, 2011 Dr. Pham noted mild

distress secondary to pain, moderate tenderness in lumbar spine and intact muscle

strength, as well as antalgic gait due to lower back pain. Tr. 323. It is noted that the

record includes Plaintiff's repeated complaints of low back pain. Tr. 22-23.

However, "where evidence is susceptible to more than one rational interpretation,

it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400

F.3d 676, 679 (9th Cir. 2005); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039

(9th Cir. 1995)("[t]he ALJ is responsible for determining credibility"). The lack of

corroboration of Plaintiff's testimony in the objective record was properly

considered by the ALJ, as it did not form the sole basis for the adverse credibility

finding.

Second, although not addressed by Plaintiff in her briefing, the ALJ found

that "[a]lthough the claimant has received treatment for the allegedly disabling

impairments, that treatment has been essentially routine and/or conservative in

nature." Tr. 22. "[E]vidence of 'conservative treatment' is sufficient to discount a

claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481

F.3d 742, 751 (9th Cir. 2007). In support of this reasoning, the ALJ cites a

neurosurgeon's review of Plaintiff's MRI and treatment records in February 2011,

and subsequent recommendation that Plaintiff continue with conservative

management measures. Tr. 304. Similarly, in March 2011 and October 2011

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

physicians recommended conservative care and physical therapy. Tr. 279, 323.

Further, Plaintiff testified at the hearing that she was taking only over-the-counter

pain medication for her pain. Tr. 71. This was a clear and convincing reason to find

the Plaintiff not credible.

Third, the ALJ reasoned that Plaintiff's activities of daily living were

inconsistent with a finding of total disability. Tr. 26-27. Evidence about daily

activities is properly considered in making a credibility determination. *Fair v.

Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). It is well-settled that a claimant need

not be utterly incapacitated in order to be eligible for benefits. *Id.*; *see also Orn v.

Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried

on certain activities…does not in any way detract from her credibility as to her

overall disability."). However, even where activities "suggest some difficulty

functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the

extent that they contradict claims of a totally debilitating impairment." *Molina v.

Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012); *see also Orn*, 495 F.3d at 639 (daily

activities are a valid reason to discount credibility if they contradict claimant's

other testimony).

Here, the ALJ found Plaintiff "has described daily activities that are not

limited to the extent one would expect, given the complaints of disabling

symptoms and limitations." Tr. 23. Plaintiff testified that her husband and son do

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 15

1    all of the cooking and housework; although Plaintiff tries to do chores like

2    vacuuming, dusting, and laundry before she needs to take a break. Tr. 59-60. She

3    also testified that she watches 2 hours of television per day, plays games on the

4    computer for 20 minutes several times a day, and attends parent/teacher

5    conferences and her son's other school events. Tr. 60-63. However, as noted by the

6    ALJ, Plaintiff reported to Dr. MacLennan in December 2011 that she does all of

7    her own self-care except her husband sometimes helps her clip her bra. Tr. 23

8    (citing Tr. 331). She also reported that she does little bits of housecleaning at a

9    time, including vacuuming, dusting, sweeping and mopping; and does some of the

10   laundry. Tr. 331. Plaintiff reported that she reads well, reads a newspaper easily,

11   uses her computer to look up recipes or look at zoo websites, and uses Facebook

12   on her phone and computer. Tr. 331. Finally, she reported to Dr. MacLennan that

13   she attends all of her child's school activities, and goes to all of his baseball games

14   where she "the loud Mama." Tr. 332. It is noted that Plaintiff's reports are

15   moderated by testimony she attends most of the school events with her husband;

16   and only "associates" with her son and husband. Tr. 63-64. Plaintiff argues that the

17   ALJ erred in using "minimal activities as a basis to discredit [her] pain testimony."

18   ECF No. 17 at 18. However, while evidence of Plaintiff's daily activities may be

19   interpreted more favorably to the Plaintiff, this evidence is susceptible to more than

20   one rational interpretation, and therefore the ALJ's conclusion must be upheld.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

1    *See Burch*, 400 F.3d at 679. Thus, the ALJ reasonably considered Plaintiff's daily

2    activities in finding Plaintiff not credible.

3          Fourth, and finally, the ALJ found "discrepancies" in Plaintiff's self-reports,

4    specifically, "[t]he initial self-report indicates the claimant has a greater inability to

5    function than what the claimant reports in the subsequent form." Tr. 24. In

6    weighing a claimant's credibility, an ALJ may utilize "ordinary techniques of

7    credibility evaluation, such as … prior inconsistent statements concerning the

8    symptoms." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In support

9    of this reasoning, the ALJ cites numerous inconsistencies between Plaintiff's initial

10   self-report in April 2011, and her subsequent report in September 2011. Tr. 24. In

11   the initial report, Plaintiff indicated she did not care for pets, dressed slowly and

12   needed help with undergarments, used a shower chair, her husband cooks and she

13   only assists, does laundry only with help, and needs a cart to shop in the store. Tr.

14   209-211. In contrast, in the subsequent report, she lets the pets in and out, denies

15   problems with personal care, makes her husband's lunch, makes simple meals but

16   needs help with big meals, folds laundry, and does not indicate that she relies on a

17   cart while shopping. Tr. 247-249. In the initial report she notes little to no interest

18   in hobbies or activities anymore; but in the subsequent report she reports hobbies

19   that she does "well" and "often" including reading, sewing, watching TV, texting,

20   and using the computer. Tr. 212, 250. In the initial report Plaintiff states she can

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 17

only walk 15 to 20 feet before resting, pay attention for 10 to 15 minutes depending on pain level, has difficulty focusing, forgets instructions, and only socializes with family in the home and attending son's ball games. Tr. 212-213. However, in the subsequent report, she indicates "it depends on where I am" with regard to how far she can walk without resting, can always pay attention, follows written and spoken instructions okay, and socializes by talking on the phone, chatting on the computer, and having occasional company. Tr. 250-51. Plaintiff correctly notes that she consistently reports certain limitations in both reports, including: difficulty with standing, lifting, walking, and sitting; and her inability to do yard work, drive, or sleep well. ECF No. 17 at 18 (citing Tr. 208-209, 211, 246-249). However, as noted above, this evidence is susceptible to more than one rational interpretation, and therefore the ALJ's conclusion must be upheld.  *See Burch*, 400 F.3d at 679. These inconsistent statements were a clear and convincing reason to find Plaintiff not credible.

As a final matter, Plaintiff repeatedly notes that the ALJ improperly concluded that Plaintiff was exaggerating her symptoms. ECF No. 17 at 16-18. While not cited with specificity, the court presumes Plaintiff is referring to the ALJ's statement that the inconsistencies identified above "cause[] the undersigned to question whether or not the claimant had incentive to overstate her symptoms and complaints to the DSHS in order to maintain benefits and therefore providing

more limitations." Tr. 24-25. First, this statement does not appear to be offered as a reason to discount the Plaintiff's credibility. Further, despite the ALJ's failure to cite evidence of improper motivation on the part of the Plaintiff, any error is harmless because, as discussed above, the ALJ's remaining reasoning and ultimate credibility finding is adequately supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162-63. For all of these reasons, and having thoroughly reviewed the record, the court concludes that the ALJ supported his adverse credibility finding with specific, clear and convincing reasons supported by substantial evidence.

**B. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19

1    opinion is contradicted by another doctor's opinion, an ALJ may only reject it by

2    providing specific and legitimate reasons that are supported by substantial

3    evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)).

4    "However, the ALJ need not accept the opinion of any physician, including a

5    treating physician, if that opinion is brief, conclusory and inadequately supported

6    by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228

7    (9th Cir. 2009)(quotation and citation omitted). Plaintiff argues the ALJ

8    improperly rejected the opinions of Dr. Steven Haney, M.D., Dr. Tony Pham,

9    D.O., and Michele Hanson, ARNP. ECF No. 17 at 13-16.

10    **1.  Dr. Steven Haney**

11        In January 2012, Dr. Steven Haney completed a mental residual functional

12    capacity assessment as part of the disability determination explanation ("DDE") at

13    the reconsideration level of Plaintiff's SSI and disability insurance benefits claims.

14    Tr. 102-131. Plaintiff briefly argues that the ALJ improperly failed to provide

15    reasons for "rejecting" the "opinion" of Dr. Haney that Plaintiff would have

16    "episodic lapses in [attention], concentration and pace due to subjective physical

17    and psychological symptoms" and that "[h]er depression and anxiety with

18    accompanying poor stress tolerance would interfere with her ability to maintain

19    regular attendance and to persist through a normal workweek." ECF No. 17 at 15

20    (citing Tr. 113).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 20

1    In determining whether a Plaintiff is disabled, the regulations direct the ALJ

2    to evaluate every medical opinion in the record regardless of its source. 20 C.F.R.

3    §§ 404.1527(b); 416.927(b). However, an ALJ is not required to discuss every

4    piece of evidence in the record. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d

5    1006, 1012 (9th Cir. 2003). Instead, he or she is only required to explain why

6    "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d

7    1393, 1394-95 (9th Cir. 1984). After reviewing the record as a whole, the court

8    finds that Dr. Haney's review at the reconsideration level was not significant

9    probative evidence. As an initial matter, social security regulations state that

10    "[m]edical and psychological consultants in the State agencies are adjudicators at

11    the initial and reconsideration determination levels…. As such, they do not express

12    opinions; they make findings of fact that become part of the determination." SSR

13    96-5p, 1996 WL 374183 at *6 (July 2, 1996). Moreover, the court notes that the

14    "medical records" portion of the administrative record, designated as exhibits 1F

15    through 11F (Tr. 266-355), did not include any medical opinion evidence from Dr.

16    Haney, and it is unclear whether the medical experts reviewed the records at issue

17    prior to their testimony (Tr. 38, 41).

18    Plaintiff argues that the ALJ improperly ignored portions of Dr. Haney's

19    narrative assessing limitations on Plaintiff's ability to complete a normal workday

20    without interruptions, perform at consistent pace, concentrate, and maintain regular

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 21

attendance throughout a workweek. ECF No. 17 at 15. However, a subsequent

portion of the same narrative from Dr. Haney arguably refutes these alleged

limitations by concluding that "[Plaintiff's] impairments are not so severe that they

would prevent her from being able to sustain more than one or two step

instructions in a reasonably consistent manner." Tr. 113. Also, as noted by

Defendant, a non-examining physician's opinion may constitute substantial

evidence only if it is consistent with other independent evidence in the record.

*Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, the evidence

reviewed by Dr. Haney as part of the DDE was largely *not* consistent with his

assessed limitations. For example, the DDE accorded "great weight" to Dr.

Catherine MacLennan's consultative examination of the Plaintiff "due to

supportive medical evidence." Tr. 110. However, Dr. MacLennan opined that

Plaintiff is "cognitively intact and is able to maintain persistence and pace" and

"retain[s] the ability to carry out more than one or two step instructions in a

reasonably consistent manner." Tr. 109, 333. In addition, the only other mental

health professional in the record, Dr. Mark Duris, was granted "some weight" in

the DDE and opined that Plaintiff "does not present with mental health issues." Tr.

109-110. Plaintiff contends in her reply brief that Dr. Haney's assessed limitations

were supported by substantial evidence. ECF No. 20 at 7. However, Plaintiff's

support for this argument is comprised solely of subjective and intermittent reports

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 22

1  of anxiety, anger, migraines, caution about social contact, and one report of

2  suicidal ideation. ECF No. 20 at 7 (citing Tr. 213, 225, 284-85). Here, the totality

3  of the evidence is susceptible to more than one rational interpretation, and

4  therefore the ALJ's conclusion must be upheld. *See Burch*, 400 F.3d at 679. Thus,

5  the limitations assessed by Dr. Haney as part of the DDE at the reconsideration

6  level were not "significant probative evidence," and the ALJ did not err by failing

7  to consider this "opinion."

8  **2. Dr. Tony Pham**

9        On October 6, 2011, Dr. Tony Pham saw Plaintiff for "evaluation of lumbar

10  back pain with radiculopathy of left lower extremity … starting after she suffered a

11  motor vehicle accident involving multiple cars on September 15, 2011." Tr. 323.

12  Dr. Phan "cautioned the patient to refrain from any strenuous physical activities or

13  lifting at this point until symptoms improve." Tr. 323. The ALJ accorded this

14  recommendation "little weight" because it was "quite vague" and the instruction

15  that Plaintiff should return in a week for reevaluation "indicat[es] that these

16  restrictions are temporary." Tr. 25.  Plaintiff argues that the ALJ improperly

17  rejected the opinion "largely based on an assertion that [Plaintiff's] condition had

18  improved" and "erred in rejecting it with vague assertions that it was contrary to

19  other evidence." ECF No. 17 at 14-15. However, these arguments misstate the

20  ALJ's findings.  The court cannot discern, nor does the Plaintiff cite, any finding

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 23

by the ALJ that Plaintiff's condition "had improved" at the date of treatment, nor did the ALJ mention any contradiction to "other evidence." Plaintiff also provides a detailed list of notations in the medical record that purportedly support the limitations assessed by Dr. Pham. *Id*. However, regardless of any evidence that would tend to support the limitations found by Dr. Pham, Plaintiff fails to challenge the two valid reasons given by the ALJ for rejecting Dr. Pham's opinion. *See Carmickle*, 533 F.3d at 1161 n.2 (court may decline to address issues not raised with specificity in Plaintiff's briefing).

First, "[a]n ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Dr. Pham based his recommendation on a brief physical examination during which he found Plaintiff was in "mild distress" and had intact muscle strength 5/5. Tr. 323. Also, Dr. Pham did not specify how much Plaintiff could lift, or define what "strenuous" meant in the context of determining the appropriate RFC exertional level. Thus, the ALJ properly found that Dr. Pham's recommendation that Plaintiff refrain from "strenuous activities or lifting at this point until symptoms improve" was "vague." Tr. 25. Second, the ALJ relied on Dr. Pham's notation that Plaintiff should return for reevaluation in a week, to find that the restrictions on lifting and activities was only temporary. As per social security regulations, "[u]nless your impairment is expected to result in death, it must have

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 24

lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement." 20 C.F.R. §§ 404.1509, 416.909.  Here, Dr. Pham was treating Plaintiff for lumbar back pain "*starting* after she suffered a motor vehicle accident" several weeks prior, and he cautioned Plaintiff to avoid strenuous lifting or activities "at this point until symptoms improve." Tr. 323 (emphasis added).  Plaintiff points to no evidence in Dr. Pham's opinion indicating functional limitations that would last for a continuous twelve month period. Therefore, it was reasonable for the ALJ to find that the plain language of Dr. Pham's recommendation assessed only temporary restrictions, and therefore did not meet the duration requirement. These were specific and legitimate reasons, supported by substantial evidence, for the ALJ to reject Dr. Pham's opinion.

### 3.  Michele Hansen, ARNP

Nurse practitioners are not "acceptable medical sources" within the meaning of 20 C.F.R. § 416.913(a). Instead, they qualify as an "other source" as defined in 20 C.F.R. § 416.913(d). *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The opinion of an "acceptable medical source" is given more weight than that of an "other source." SSR 06-03p, 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a). The ALJ need only provide "germane reasons" for disregarding Ms. Hansen's opinion.  *Molina*, 674 F.3d at 1111. However, the ALJ is required to "consider

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 25

observations by nonmedical sources as to how an impairment affects a claimant's

ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

On December 22, 2010, Ms. Hansen completed a "documentation request

for medical or disability condition" and opined that Plaintiff was "severely limited"

which is defined as "unable to lift at least 2 pounds or unable to stand or walk;"

and limited to sedentary work. Tr. 268. The ALJ accorded "little weight" to Ms.

Hansen's opinion for several reasons. First, the ALJ found the opinion "appears to

be based solely on the claimant's subjective allegations." Tr. 25, 282-283. "An

ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a

claimant's self-reports that have been properly discounted as incredible."

*Tommasetti*, 533 F.3d at 1041. As discussed above, the ALJ properly discounted

Plaintiff's subjective reporting of her symptoms. The court does note that Ms.

Hansen's opinion references objective testing in the form of MRI results, however,

these results are not attached to the opinion itself, and Ms. Hansen indicates that

these results have not yet been reviewed by a neurosurgeon to determine if surgery

is warranted. Tr. 266-268. As this evidence is susceptible to more than one rational

interpretation, the ALJ's conclusion must be upheld.  *See Burch*, 400 F.3d at 679.

Second, the ALJ found "Ms. Hansen's own treatment notes fail to document

such severity." Tr. 25. Consistency with the medical record as a whole, and

between a treating physician's opinion and his or her own treatment notes, are

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 26

relevant factors when evaluating a treating physician's medical opinion. *See*

*Bayliss*, 427 F.3d at 1216. In support of this reason, the ALJ cites to Ms. Hansen's

relatively benign findings in December 2010 that Plaintiff's gait was slow, and she

was alert and in no acute distress. Tr. 282-283. The court also notes that the MRI

findings cited by Ms. Hansen from December 2010 found multilevel disc

desiccation worse at L4-5 and L5-SI level, mild subchondral discogenic bone

marrow changes, and was otherwise unremarkable. Tr. 277-278. After reviewing

these results, the neurosurgeon recommended "conservative management

measures" and found "no structural anatomic abnormalities … that would benefit

from surgical intervention at this time." Tr. 288. In March 2011, Ms. Hansen found

that patient "denies radiating pain at this time," her gait was normal, she was

"slightly tender," and did "not appear to be in any distress at this time." Tr. 289.

After reviewing the entire record, the court was unable to find any treatment notes

by Ms. Hansen that are consistent with the severe limitations in her December

2010 opinion.  The ALJ provided germane reasons to reject Ms. Hansen's opinion.

**C. Step Two**

        At step two of the sequential process, the ALJ must determine whether

Plaintiff suffers from a severe impairment. 20 C.F.R. § 416.920(a). To be

considered 'severe,' an impairment must significantly limit an individual's ability

to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Smolen v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 27

1  *Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment that is 'not severe'

2  must be a slight abnormality (or a combination of slight abnormalities) that has no

3  more than a minimal effect on the ability to do basic work activities. SSR 96-3P,

4  1996 WL 374181 at *1 (July 2, 1996). Basic work activities include "abilities and

5  aptitudes necessary to do most jobs, including, for example, walking, standing,

6  sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R.  §

7  404.1521(b).

8      Plaintiff bears the burden to establish the existence of a severe impairment

9  or combination of impairments, which prevent him from performing substantial

10  gainful activity, and that the impairment or combination of impairments lasted for

11  at least twelve continuous months. 20 C.F.R. §§ 404.1505, 404.1512(a); *Edlund v.*

12  *Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011). However, step two is "a de

13  minimus screening device [used] to dispose of groundless claims." *Smolen*, 80

14  F.3d at 1290. "Thus, applying our normal standard of review to the requirements of

15  step two, we must determine whether the ALJ had substantial evidence to find that

16  the medical evidence clearly established that [Plaintiff] did not have a medically

17  severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d

18  683, 687 (9th Cir. 2005).

19      The ALJ found that Plaintiff's "medically determinable mental impairments

20  of depressive disorder, not otherwise specified (NOS) and anxiety disorder, NOS,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 28

considered singly and in combination, do not cause more than minimal limitation

in the claimant's ability to perform basic mental work activities and are therefore

nonsevere." Tr. 15. Plaintiff argues that the ALJ erred in rejecting Plaintiff's

depression "as a groundless complaint despite evidence that it caused significant

functional limitations []." ECF No. 17 at 11-13. This argument is unavailing. As an

initial matter, the court notes that Plaintiff's argument largely relies on mental

limitations assessed by Dr. Haney as part of the DDE at the reconsideration level.

ECF No. 17 at 12 (citing Tr. 113). However, as discussed in detail above, the ALJ

properly declined to discuss this evidence in the decision. The only other piece of

evidence offered by Plaintiff to establish the existence of depression as a severe

impairment, is Dr. Catherine MacLennan's notation in her December 2011

psychological evaluation that Plaintiff's depression causes her to isolate herself

from others except for her husband and her son. ECF No. 17 at 12 (citing Tr. 332).

This notation is acknowledged by the ALJ in his extensive recounting of Dr.

MacLennan's examination, and is considered alongside evidence that Plaintiff

attends all of her child's school activities, parent conferences, school plays, and

baseball games where she is known as the "loud mama." Tr. 16 (citing Tr. 332).

Most importantly, while not addressed in Plaintiff's briefing, Dr. MacLennan

opined that "[t]here is no indication that depression or anxiety or panic result in

additional disability." Tr. 333. Rather, Dr. MacLennan opined that Plaintiff is able

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 29

to follow and participate in conversations at a concrete level; understands what is said to her, and is able to remember adequately; is able to sustain concentration, pace and persistence; is able to sustain focused attention long enough to ensure the timely completion of tasks (e.g. everyday household routines); has no history of episodes of decompensation; no indication of impaired social functioning "other than distrust and fear associated with her report of her last client extorting money from her;" and she is unable to handle her own funds. Tr. 333.

The ALJ further supports his step two finding by citing to the only other psychological opinion evidence in the record from Dr. Mark Duris. In January 2011, Dr. Duris noted that Plaintiff "[did] not present with mental health issues but with physical pain issues that are difficult to assess and may as likely be related to stress, anxiety and/or somatization." Tr. 15 (citing Tr. 270). Dr. Duris diagnosed Plaintiff with "pain disorder due to psychological factors/general medical condition" and opined that "depression and anxiety do not keep this claimant from having sufficient energy, motivation, and concentration to function in a work environment at this time." Tr. 272.  In both cognitive and social categories, he assessed either "none" or "mild" functional limitations. Tr. 273-274.

Finally, the ALJ relied on the testimony of mental health expert Dr. Joseph Cools to make his step two finding as to Plaintiff's alleged mental impairments. Tr. 40-52. Dr. Cools reviewed all of the medical records, and opined that based on the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 30

SSA's regulations and definitions, Plaintiff's alleged mental impairments are non-severe. Tr. 46. Dr. Cools highlighted that Plaintiff's interests are "fairly intact" including reading well and using a computer, which indicates that Plaintiff does not have any marked cognitive deficits. Tr. 43. He testified that based on the record, Plaintiff's complaints of anxiety "[do] not really qualify as a panic disorder; it's more of a panic feeling, a general and anxiety disorder with some exacerbation occasionally;" and Plaintiff does not have severe vegetative symptoms of depression, nor does she complain of severe sleep problems. Tr. 44. Notably, Dr. Cools testified that based on both of the psychological evaluations "there really is not any severe limitations attributable to the psych impairment. There's no allegation of just cognitive disorder. There's no allegation of social anxiety disorder. There's not references, not diagnoses." Tr. 51.

In addition to this opinion evidence, the court also notes that the overall medical record contains little evidence of mental health complaints by Plaintiff. Medical records show Plaintiff was on medication for depression (Tr. 286, 295, 306), however, during her visit with Dr. MacLennan she reported she "takes medication for depression but does not know if she is depressed." Tr. 332. On December 1, 2010 Plaintiff's "chief complaint" was back pain, but the record also references her complaint of extremely high anxiety levels. Tr. 284. However, as noted by the ALJ, the medical practitioner declined to prescribe anxiety medication

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 31

1  and instead put Plaintiff back on medication for her migraine headaches. Tr. 15

2  (citing Tr. 285).

3       For all of these reasons, the ALJ's finding that Plaintiff's mental

4  impairments did not cause more than minimal limitations on his ability to do basic

5  mental work activities was supported by substantial evidence. Thus, the ALJ did

6  not err in finding Plaintiff's mental impairments were non-severe at step two.

7  **D. Step Five**

8       If a claimant cannot perform his or her past relevant work, at step five of the

9  disability evaluation process the ALJ must show there are a significant number of

10 jobs in the national economy that the claimant can perform taking into account

11 claimant's residual functional capacity, age, education, and work experience.

12 *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); 20 C.F.R. § 404.1520(d),

13 (e). The ALJ can demonstrate this either (1) through the testimony of a vocational

14 expert or (2) by reference to the Commissioner's Medical-Vocational Guidelines

15 ("the grids"). *Id*. The Commissioner may apply the grids in lieu of taking the

16 testimony of a vocational expert only when the grids accurately and completely

17 describe the claimant's abilities and limitations.  *Jones v. Heckler*, 760 F.2d 993,

18 998 (9th Cir. 1985). However, "an ALJ is required to seek the assistance of a

19 vocational expert when the non-exertional limitations are at a sufficient level of

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 32

severity such as to make the grids inapplicable to the particular case." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

Here, the ALJ applied the grids at step five and found that "the additional limitations have little or no effect on the occupational base of unskilled light work. Tr. 26. Plaintiff generally argues the ALJ erred by relying on the grids instead of taking the testimony of a vocational expert "despite the existence of significant non-exertional limitations." ECF No. 17 at 19-20. In support of this argument, Plaintiff refers to Dr. Haney's assessed limitations on Plaintiff's contact with co-workers and supervisors. ECF No. 17 at 20 (citing Tr. 113). However, as discussed above, the ALJ did not err in declining to address Dr. Haney's assessment in the decision, and therefore was not required to consider that evidence at step five. Moreover, Plaintiff's briefing does not specifically identify any "significant" non-exertional limitations, nor does she accurately cite to the alleged "reviewing and testifying medical experts, to whom the ALJ gave great weight, [who] found significant work-related limitations." ECF No. 17 at 20. The citations provided by Plaintiff do not correspond to evidence from "reviewing and testifying medical experts," nor do the cited records contain opinion evidence as to work-related limitations. *See id*. (citing Tr. 296, 300, 301-302). Thus, the court declines to address this issue as it was not raised with specificity in Plaintiff's briefing. *See Carmickle*, 533 F.3d at 1161 n.2. The ALJ did not err at step five.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 33

1

## CONCLUSION

2       After review the court finds the ALJ's decision is supported by substantial

3  evidence and free of harmful legal error.

4  **ACCORDINGLY, IT IS HEREBY ORDERED:**

5       1.  Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

6       2.  Defendant's Motion for Summary Judgment, ECF No. 19, is

7         **GRANTED**.

8       The District Court Executive is hereby directed to enter this Order and

9  provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

10  the file.

11       **DATED** this  22nd day of  January, 2015.

12                  _s /Fred Van Sickle_____

                         Fred Van Sickle

13              Senior United States District Judge

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 34